IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MARY ANN LOVELL                                                                    PLAINTIFF


v.                                    Case No. 4:17-cv-04101


HOPE SCHOOL DISTRICT                                                         DEFENDANT

## ORDER

Before the Court is a Motion to Dismiss filed by Defendant Hope School District. ECF No. 6. Plaintiff Mary Ann Lovell ("Plaintiff") has filed a response. ECF No. 9. The Court finds this matter ripe for its consideration. For the reasons explained below, the Court finds no exceptional circumstances exist that would warrant abstention in this case. Accordingly, Hope School District's motion is denied.

## I. BACKGROUND

This is an employment discrimination action stemming from the non-renewal of Plaintiff's employment contract with Hope School District. Plaintiff's complaint alleges the following facts.

Plaintiff is a 74-year-old African-American female who was employed as a teacher at Yerger Middle School in Hope, Arkansas. ECF No. 1 ¶¶ 5-6. Plaintiff alleges that she entered into an employment contract with Hope School District for the period of August 1, 2016, through May 26, 2017. *Id.* at ¶ 7. According to the complaint, Plaintiff was an award-winning school teacher who had been employed with Hope School District for fifteen years, meeting the expectations of her employer each year of her employment. *Id.* at ¶ 11. Plaintiff further alleges that she was assigned to teach a new reading program for seventh and eighth grade students for the 2016-17 school year, and that her counterpart, a Caucasian female teacher, was not required to teach the new curriculum during the same school year. *Id.* at ¶¶ 8-9.

Plaintiff claims that, despite no prior history of student mismanagement or problems in the classroom, the Superintendent of Hope School District, Bobby Hart, chose not to renew her employment contract due to alleged poor job performance. *Id*. at ¶¶13, 17. Plaintiff alleges that Superintendent Hart made the decision without a valid performance evaluation on file to assess Plaintiff's performance in accordance with Hope School District's policies and procedures. *Id*. at ¶ 10, 16. Plaintiff further alleges that the Board of Directors upheld Superintendent Hart's decision to not renew Plaintiff's contract on March 29, 2017. *Id*. at ¶ 17. According to the Complaint, Superintendent Hart later visited Plaintiff's classroom and informed her that she was no longer employed with Hope School District, stating "You are no longer employed by this School District. You are retired!" *Id*. at ¶ 18.

On June 14, 2017, Plaintiff filed a complaint in the Circuit Court of Hempstead County, Arkansas, against Hope School District alleging that she was terminated in violation of her contractual rights under the Teacher Fair Dismissal Act, Ark. Code Ann. § 6-17-1510. Plaintiff subsequently filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on August 21, 2017. *Id*. at ¶ 19. The EEOC issued a Notice of Suit Rights to Plaintiff on or about August 24, 2017. *Id*. at ¶ 20. On November 11, 2017, Plaintiff filed the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.; the Age Discrimination in Employment Act, 29 U.S.C. § 1621 *et seq*.; and the Fourteenth Amendment to the United States Constitution.

On December 18, 2017, Hope School District filed the instant motion arguing that the Court should exercise its discretion and abstain from considering Plaintiff's Complaint, pursuant to the *Colorado River* abstention doctrine, given the pendency of the action filed in Hempstead County Circuit Court. In response, Plaintiff asserts that no exceptional circumstances exist in this matter that would warrant abstention under the *Colorado River* doctrine. Thus, the primary issue before the Court is whether the *Colorado River* abstention doctrine is appropriate in this case.

## II. DISCUSSION

In general, "[f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them,' even when there is a pending state court action involving the same subject." *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Under the *Colorado River* abstention doctrine, "a federal court may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and exceptional circumstances warrant abstention."  *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (citing *Colorado River*, 424 U.S. at 817-18).

### A.  Parallel Proceedings

In evaluating whether exceptional circumstances exist to warrant the applicability of the *Colorado River* abstention doctrine, a district court must first determine if the matter pending in federal court is parallel to the action pending in state court. *Id.* at 535.  The Eighth Circuit has explained that in determining whether the state and federal proceedings are parallel, "[t]he pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient."  *Id.* (citing *Federated Rural Elec. Ins. Corp. v. Elec. Coop., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995).  "Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court."  *Id.* (citation omitted).  The district court's analysis should focus "on matters as they currently exist, not as they could be modified."  *Id.* (citation omitted).  "To determine whether parallel proceedings exist," courts within the Eighth Circuit consider "sources of law, required evidentiary showings, measures of damages, and treatment on appeal for each claim."  *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013) (citation and quotations omitted).  "[J]urisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings."  *Fru-Con Const. Corp.*, 574 F.3d at 534 (citation omitted).

In the present case, the Court finds that the *Colorado River* abstention doctrine is inapplicable, as Hope School District has failed to establish that the state and federal proceedings are so substantially similar that the state court proceedings will fully dispose of the case at bar. It is undisputed that the defendant in the state court proceeding—Hope School District—is the same defendant in the federal proceeding. It is further undisputed that both the state and federal court proceedings arise from the nonrenewal of Plaintiff's employment contract. However, the similarities between the two proceedings end there.

In the federal complaint, Plaintiff asserts that she was retaliated against and received less favorable treatment in the conditions of her employment as compared to similarly situated persons on account of her race, gender, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 1621 *et seq.* In addition, Plaintiff's federal complaint asserts a cause of action under 42 U.S.C. § 1983 against Hope School District for creating a hostile and abusive work environment in violation of the Fourteenth Amendment to the United States Constitution. In contrast, Plaintiff's state court complaint asserts that Hope School District did not strictly comply with the Teacher Fair Dismissal Act, Ark. Code Ann. § 6-17-1510(d), when it chose not to renew her employment contract for the 2017-18 school year. Thus, resolution of Plaintiff's state proceedings against Hope School District for failure to strictly comply with the Teacher Fair Dismissal Act will in no way dispose of her discrimination claims in the federal proceeding.

## B. Exceptional Circumstances

Assuming, *arguendo*, that the state and federal actions are parallel, the Court must next determine if "exceptional circumstances" warrant abstention pursuant to the *Colorado River* doctrine. *See Northport Health Servs. of Arkansas, LLC v. Cmty. First Tr. Co.*, No. 2:12-CV-02284, 2013 WL 2151546, at *2 (W.D. Ark. May 16, 2013) (citing *Fru–Con Const. Corp.*, 574 F.3d at 534). The Eighth Circuit has developed six non-exhaustive factors to assist district courts in determining whether

exceptional circumstances warrant abstention in the case of parallel state and federal court proceedings.

*Fru-Con Const. Corp.*, 574 F.3d at 534. These factors are as follows:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Id.* (citing *Mountain Pure*, 439 F.3d at 926). "When examining the factors, 'the balance [is] heavily weighted in favor of the exercise of jurisdiction.'" *Mountain Pure*, 439 F.3d at 926 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Here, an evaluation of the above six factors demonstrates that application of the *Colorado River* abstention doctrine would be inappropriate in this case. The first factor is not implicated in this action because there is no question of jurisdiction concerning a piece of property. In its motion and brief in support, Hope School District does not argue that this Court would provide a less convenient forum than the state court. The Court finds no evidence to suggest that this forum would be any less convenient than the Hempstead County Circuit Court. Thus, the Court finds that the second factor does not weigh in favor of abstention.

Hope School District has also failed convince the Court that maintaining both proceedings would result in piecemeal litigation because. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Bank of Okla., N.A. v. Tharaldson Motels II, Inc.*, 671 F. Supp. 2d 1058, 1065 (D.N.D. 2009) (citation omitted). As discussed above, the state court proceeding will not resolve Plaintiff's discrimination claims in the federal proceeding. Thus, the Court finds that the third factor also does not weigh in favor of abstention.

Hope School District argues that the fourth factor, regarding the order in which the proceedings were filed, weighs in favor of abstention because the state court proceeding was filed several months prior to the federal court case and was scheduled for trial on January 24, 2018. However, "'priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Mountain Pure*, 439 F.3d at 927 (quoting *Moses H. Cone*, 460 U.S. at 26). In addition, the trial in the state court proceeding did not commence as scheduled on January 24, 2018, and it is unclear from the present record how much has occurred in that case. The Court, thus, finds that the fourth factor does not weigh in favor of abstention.

The fifth factor, regarding whether federal or state law controls, weighs against abstention because Plaintiff raises only federal claims in her federal complaint. Lastly, the Court finds that the sixth factor is neutral because Plaintiff's rights can be adequately protected in this court or the Hempstead County Circuit Court. *See Fru-Con Const. Corp.*, 574 F.3d at 539 (noting that "this factor counts for or against abstention and dismissal only where one of the forums is inadequate to protect a party's rights.").

Accordingly, based on a balance of all six factors, the Court concludes that no exceptional circumstances exist that would warrant application of the *Colorado River* abstention doctrine in this matter.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Hope School District's Motion to Dismiss (ECF No. 6) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge